UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DAVID LETTIERI,

Petitioner,

v.

UNITED STATES OF AMERICA,

Respondent.

21-CR-20
26-CV-562
DECISION & ORDER

Before the Court are several motions filed by the pro se petitioner, David Lettieri: (1) under Rule 35 of the Federal Rules of Criminal Procedure to vacate his mandatory $5,000 Justice for Victims of Trafficking Act ("JVTA") assessment, Docket Item 232; (2) under 28 U.S.C. § 2255 to vacate his conviction,[1] Docket Item 237; (3) for copies of search warrant inventories, Docket Item 239; and (4) for the return of his property, Docket Items 231 and 244.[2] For the reasons that follow, this Court denies Lettieri's motions.

[1] The Court notes that based on Lettieri's "pattern of abusing the judicial process," he "is permanently barred from filing pro se any actions in the United States District Court for the Western District of New York—*except a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255*—unless he first seeks and obtains permission from a judge in this District." *In re Lettieri*, 2025 WL 4236142, at *1, *3 (W.D.N.Y. Oct. 24, 2025) (emphasis added), *leave to appeal denied sub nom. Lettieri v. U.S. Dist. Ct. for the W. Dist. of N.Y.*, 2026 WL 1398599 (2d Cir. Mar. 20, 2026). Because all motions addressed in this decision and order relate to Lettieri's criminal trial and therefore implicate his sentence, this Court decides them on the merits.

[2] Citations are to the criminal docket, 21-CR-20, and page numbers in docket citations refer to ECF pagination.

## BACKGROUND

On June 14, 2023, a jury convicted Lettieri on one count of enticement of a minor. Docket Item 150. This Court sentenced Lettieri to a total term of 240 months' imprisonment and forty years' supervised release. *See* Docket Item 204. Lettieri then appealed, Docket Item 209, and on January 20, 2026, the Second Circuit affirmed Lettieri's conviction and sentence, *United States v. Lettieri*, 2026 WL 143328, at *1 (2d Cir. Jan. 20, 2026) (summary order).

Lettieri's conviction became final 90 days after that, on April 20, 2026. *See Rabbani v. United States*, 156 F. Supp. 3d 396, 402 (W.D.N.Y. 2016) (explaining that when petitioner has appealed, "a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction"—that is, "90 days after entry of the Court of Appeals' judgment" (citation omitted)). On March 24, 2026, Lettieri timely filed a petition to vacate his sentence under section 2255.[3] Docket Item 237; *see* 28 U.S.C. § 2255(f)(1) (providing one-year statute of limitations for section 2255 petitions, which runs from "the date on which the judgment of conviction bec[ame] final").

---

[3] Lettieri initially filed a motion to "vacate [his] false conviction" on January 27, 2026. Docket Item 234. The Court then "notifie[d] Lettieri that it intend[ed] to construe his submission as a motion under 28 U.S.C. § 2255 and therefore provide[d] Lettieri with an opportunity to withdraw or amend it." Docket Item 236 at 1. In response, Lettieri filed an amended motion, Docket Item 237, which is now the operative pleading. Lettieri also filed a motion for a hearing, Docket Item 233, which the Court will construe as being part of his section 2255 motion.

## DISCUSSION

### I. MOTION TO VACATE UNDER RULE 35

Lettieri moves under Federal Rule of Criminal Procedure 35 to vacate his $5,000 JVTA assessment[4] due to allegedly false statements made by Probation Officer Natalie Harrington. Docket Item 232. Federal Rule of Criminal Procedure 35 provides that "[w]ithin 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." Fed. R. Crim. P. 35(a). It further allows a court to reduce a sentence upon a motion by the government based on the defendant's substantial assistance. Fed. R. Crim. P. 35(b). Neither situation applies here. Lettieri's claim about Officer Harrington is both baseless and made well over 14 days after sentencing. And there is no motion by the government regarding substantial assistance. Lettieri's motion is therefore denied.

### II. MOTION TO VACATE UNDER SECTION 2255

Lettieri also seeks relief under 28 U.S.C. § 2255, which provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

---

[4] Lettieri refers to this as a $5,000 "fine under the mandatory Victim Restitution [A]ct," Docket Item 232 at 1, but because Lettieri proceeds pro se, the Court broadly interprets his motion as referring to the $5,000 mandatory assessment.

"It is well established that a [section] 2255 petition cannot be used to relitigate questions which were raised and considered on direct appeal." *United States v. Pitcher*, 559 F.3d 120, 123 (2d Cir. 2009) (citation and internal quotation marks omitted). Additionally, under the "mandate rule," "matters that could have been but were not first raised on appeal are also barred from consideration in a [s]ection 2255 proceeding." *United States v. Gigliotti*, 2023 WL 4532210, at *1 (E.D.N.Y. July 13, 2023); *see also Barry v. United States*, 2015 WL 3795866, at *2 n.3 (E.D.N.Y. June 17, 2015) (collecting cases).

An evidentiary hearing on a section 2255 petition is required "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). But "'[b]ald allegations' unsupported by evidentiary facts do not" warrant a hearing. *Puglisi v. United States*, 586 F.3d 209, 213 (2d Cir. 2009)) (quoting *Newfield v. United States*, 565 F.2d 203, 207 (2d Cir. 1977)); *see also Lake v. United States*, 465 F. App'x 33, 34-35 (2d Cir. 2012) (summary order) (an evidentiary "hearing is not required when, viewing the evidentiary proffers . . . and record in the light most favorable to the petitioner, it is clear that the petitioner has failed to establish a plausible claim of ineffective assistance of counsel" (citation and internal quotation marks omitted)).

Lettieri has filed a mountain of paper in support of his motion. *See* Docket Items 237, 242, 243, 245, 247, and 252.[5] But the crux of his argument is that his conviction

[5] On July 17, 2026, this Court notified Lettieri that it would construe the "box of documents and various other materials" that Lettieri submitted following the government's response "as a reply in support of [his] section 2255 petition." Docket Item 246. That box of documents contained more than 1,000 pages and included a memorandum of law, all of which this Court has reviewed. Despite the Court's

should be vacated because it was based on fabricated evidence. Among other things, he makes the outlandish claim it was this Court—not Lettieri—who molested the victim.[6] *See, e.g.*, Docket Item 237 at 4. And he goes so far as to submit various "statements" purportedly from this Court—including a forged affidavit with a copy of this Court's signature attached. *See* Docket Items 237 and 241.[7] Lettieri makes similar claims against FBI Special Agent Randall Garver, *see* Docket Item 234 at 6, and against one of the prosecutors who tried his case, *see* Docket Item 243 (box of documents), Memorandum of Law at 2.[8]

---

admonition that "[t]he petition is now under advisement and neither party shall file anything further without permission from the Court," *id.*, Lettieri has continued to submit additional filings, *see, e.g.*, Docket Items 247, 252, 253, and 254.

Lettieri also filed a notice of appeal of this Court's text order directing the parties not to file further submissions. Docket Item 249. Although a notice of appeal typically "divests the district court of jurisdiction as to matters covered by the notice," that is not the case when the notice of appeal is "plainly unauthorized" and "confers on [the Second Circuit] the power to do nothing but dismiss the appeal." *See United States v. Rodgers*, 101 F.3d 247, 251-52 (2d Cir. 1996) (collecting cases). Such is the case here, where Lettieri appealed a non-final order regarding submissions in support of his section 2255 petition. Thus, the Court maintains jurisdiction to decide that petition.

[6] Lettieri asks this Court to recuse itself because of what he says is a "conflict of interest" based on facts he has alleged about this Court's personal involvement in the conduct underlying his conviction. *See* Docket Item 234 at 1. Because those allegations are patently false, there is no conflict. What is more, if this Court were to recuse itself based on such allegations, it would set a dangerous precedent that any defendant could get a new judge by lodging baseless accusations. This Court declines to do so.

[7] Because Docket Item 242 includes an obviously falsified affidavit to which a copy of this Court's signature was attached, the Court filed it under seal to prevent further misuse of its signature.

[8] After both sides were told not to submit any further documents, *see* Docket Item 246, Lettieri submitted, among other things, a clearly forged letter with a copy of Special Agent Garver's signature. *See* Docket Item 254 at 9. Just as it did with the forged affidavit misusing this Court's signature, *see supra* note 7, the Court has filed the false letter from Special Agent Garver under seal to prevent further misuse of his signature.

The Court will not spill unnecessary ink addressing these false and outrageous allegations. As an initial matter, Lettieri could have raised these issues on direct appeal. They are therefore "barred from consideration in a [s]ection 2255 proceeding."[9] *See Gigliotti*, 2023 WL 4532210, at *1. That alone is reason to deny the motion.

Second, none of the "evidence" Lettieri submits in support of his scurrilous allegations is even remotely credible. A defendant cannot vacate his conviction—which was affirmed on appeal—by submitting doctored affidavits and otherwise bald statements that the evidence was fabricated. *See United States v. Derounian*, 2024 WL 3623522, at *25 (E.D.N.Y. Aug. 1, 2024) (explaining that defendant had proffered no evidence to support his speculation, and such "presentation of conclusory allegations unsupported by specifics is subject to summary dismissal" (quoting *Blackledge v. Allison*, 431 U.S. 63, 74 (1977))). There is simply no evidence supporting or basis for Lettieri's claim that the testimony at his trial was false or that there was any misconduct by the prosecution or the Court.[10]

---

[9] A defendant can obtain review of procedurally defaulted claims only if he "show[s] cause and prejudice" or "make[s] a showing of actual innocence." *United States v. Derounian*, 2024 WL 3623522, at *18 (E.D.N.Y. Aug. 1, 2024). Lettieri has not shown either here.

[10] In the memorandum of law included in his box of documents, Lettieri also argues that his counsel was ineffective. *See* Docket Item 243. In support of that claim, he provides an obviously forged letter on counsel's letterhead and with counsel's signature indicating, among other things, that counsel "kn[e]w" that this Court and Special Agent Garver—not Lettieri—actually committed the criminal conduct underlying Lettieri's conviction. The Court rejects these baseless claims of ineffective assistance of counsel for the same reasons. And to the extent Lettieri raises other new arguments in his reply submissions, the Court declines to consider them. *See United States v. Anderson*, 2025 WL 3251072, at *4 (W.D.N.Y. Nov. 21, 2025) (declining to consider arguments "raised for the first time in the reply" filed by pro se petitioner); *Velasquez v. United States*, 2024 WL 2853268, at *2 n.1 (S.D.N.Y. June 5, 2024) ("Courts generally do not address issues raised for the first time in a reply brief, even for pro se litigants." ).

Lettieri also challenges the search warrants used to obtain evidence in his case. Docket Item 237 at 1. More specifically, he claims that the November 2020 warrant application to search his residence was not disclosed in violation of *Brady v. Maryland*, 373 U.S. 83 (1963), and that the court lacked jurisdiction to issue the search warrant. *See* Docket Item 237 at 1. These claims, too, are procedurally barred. But even if the Court were to consider those arguments, it would find them without merit.

First, as the government observes, Docket Item 241 at 6, it disclosed the search warrant application in connection with Lettieri's motion to suppress and his trial. *See* Docket Item 24 (motion to suppress) at 15; Docket Item 108 (3500 exhibit list), Ex. 3504N. Thus, there is no factual basis for Lettieri's *Brady* challenge.

Second, it was United States Magistrate Judge Therese Wiley Dancks in the United States District Court for the Northern District of New York—not this Court—who issued the search warrant for Lettieri's residence and vehicle. *See* Docket Item 24 at 13; Docket Item 78 at 4; Docket Item 132 at 4. Lettieri does not, and cannot, dispute that his residence and vehicle were located in the Northern District of New York, and Judge Dancks therefore had jurisdiction to issue a warrant to search them. So that claim lacks merit as well.

For all those reasons, Lettieri's section 2255 motion is denied.

## III. MOTION FOR RETURN OF PROPERTY

Lettieri also has filed two motions for return of property. Docket Items 231 and 244. The Court construes those motions as brought under Federal Rule of Criminal Procedure 41(g). That rule provides, in pertinent part, that "[a] person aggrieved by an

unlawful search and seizure of property or by the deprivation of property may move for the property's return."

"A Rule 41(g) motion is an equitable remedy that is available only when there is no adequate remedy at law and the equities favor the exercise of jurisdiction." *De Almeida v. United States*, 459 F.3d 377, 382 (2d Cir. 2006) (citing *United States v. One 1987 Jeep Wrangler Automobile*, 972 F.2d 472, 479 (2d Cir. 1992)); *see Allen v. Grist Mill Cap. LLC*, 88 F.4th 383, 395 (2d Cir. 2023) ("After the completion of a criminal proceeding, a district court's order granting the return of property is a civil equitable remedy." (citing *United States v. Zaleski*, 686 F.3d 90, 92 (2d Cir. 2012); *Diaz v. United States*, 517 F.3d 608, 610 (2d Cir. 2008))). The Second Circuit has "clarif[ied] that, during the pendency of an ongoing criminal investigation or proceeding, the defendant bears the burden of demonstrating that the government's retention of the seized property is unreasonable." *Id.* at 396 (citations omitted). But "once the criminal proceeding is completed, there is a presumption that non-contraband property should be returned to its owner and, thus, the evidentiary burden under Rule 41(g) shifts to the government to demonstrate that it has a 'legitimate reason' for retaining the seized property." *Id.* (quoting *Lavin v. United States*, 299 F.3d 123, 128 (2d Cir. 2002)).

Here, Lettieri asks for return of "all property," including his "iPhone" and his "animals." Docket Items 231 and 244 (some capitalization omitted). In response, the government submitted a log of the items obtained when Lettieri's residence was searched, which included: "(1) an LG cell phone, (2) an HP laptop, (3) a Western Digital external hard drive, (4) a Motorola cell phone, (5) another LG cell phone, (6) a Samsung cell phone, and (7) a T-Mobile cell phone." Docket Item 253 at 2; *see* Docket Item 253-

1. There is no indication in the record—other than Lettieri's bald assertions—that law enforcement seized any iPhone or animals.

To the extent Lettieri seeks return of the property that was seized, the government argues (1) that it is contraband because "the FBI found evidence of [Lettieri]'s crimes, such as his communications with the minor victim, as well as child pornography contraband[,] on a number of the above devices" and (2) that the government's "evidentiary interest in the property has [not] ended because [Lettieri's] motion [under] 28 U.S.C. § 2255 is still pending." Docket Item 253 at 2-3. The Court need not decide whether the devices constitute contraband because it finds that the government has demonstrated a legitimate reason to retain the property until Lettieri has exhausted all avenues of relief under section 2255. *See United States v. Kourani*, 2022 WL 19762, at *1 (S.D.N.Y. Jan. 3, 2022) (explaining that "the [g]overnment retains an interest in the evidentiary value of seized property until the defendant 'exhausts his remedies or otherwise waives his right to institute any subsequent challenges to his conviction' because the property 'would have evidentiary value in the event [a defendant's] conviction is overturned and a retrial ordered'" (quoting *Mendoza v. United States*, 2011 WL 1345712, at *2 (S.D.N.Y. Apr. 4, 2011))). And although this Court is denying Lettieri's section 2255 motion and denying a certificate of appealability as well, Lettieri still may seek a certificate of appealability from the Second Circuit. *See Krantz v. United States*, 224 F.3d 125, 126 (2d Cir. 2000) (explaining that "[w]hen a district court issues a final order in a [section] 2255 proceeding, an appeal may not be taken to [the Second Circuit] unless either the district judge *or a judge of [the Circuit]* issues a certificate of appealability" (emphasis added)). Thus, the Court finds that until the

Second Circuit denies Lettieri's motion for a certificate of appealability, dismisses his appeal, or affirms this Court's decision—or until the time for Lettieri to appeal this Court's denial of his section 2255 motion has passed—the government maintains a legitimate reason to maintain any property that might be used as evidence against Lettieri.

Lettieri's motions for return of property, Docket Items 231 and 244, therefore are denied without prejudice.

## IV. MOTION FOR COPIES OF SEARCH WARRANT INVENTORIES

Finally, Lettieri filed a motion "requesting from [United States Magistrate Judge] Michael J. Roemer the inventory return of the Facebook, Verizon wireless, and T Mobile warrants inventory as state[d] by law." Docket Item 239 (some capitalization omitted). Lettieri cites Federal Rule of Criminal Procedure 41(f)(1)(D) in support of his request. *Id.*

Rule 41(f)(1)(D) provides:

> The officer executing the warrant must promptly return it—together with a copy of the inventory—to the magistrate judge designated on the warrant. The officer may do so by reliable electronic means. The judge must, on request, give a copy of the inventory to the person from whom, or from whose premises, the property was taken and to the applicant for the warrant.

Here, however, the contents of the Facebook, Verizon, and T-Mobile warrants were litigated in the pre-trial phase of this case. *See, e.g.*, Docket Item 132 at 3-4, 17-21 (this Court's adopting Judge Roemer's recommendation to deny Lettieri's motions to suppress evidence obtained from the warrants). The Court therefore denies the motion for copies of the search warrant inventories as moot.

## CONCLUSION

For the reasons stated above, Lettieri's motion under 28 U.S.C. § 2255 to vacate his conviction, Docket Item 237, is DENIED. His petition in W.D.N.Y. Case No. 26-cv-562 is DISMISSED, and the Clerk of the Court shall close that case. Lettieri's Rule 35 motion to vacate his $5,000 mandatory JVTA assessment, Docket Item 232, and his motion for copies of search warrant inventories, Docket Item 239, also are DENIED; and his motions for the return of his property, Docket Items 231 and 244, are DENIED WITHOUT PREJUDICE.

The Court hereby certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this judgment and order would not be taken in good faith and therefore denies leave to appeal as a poor person. *Coppedge v. United States*, 369 U.S. 438 (1962). The Court also certifies under 28 U.S.C. § 2253(c)(2) that because the issues raised here are not the type of issues that a court could resolve in a different manner, and because these issues are not debatable among jurists of reason, the petitioner has failed to make a substantial showing of the denial of a constitutional right. Accordingly, the Court denies a certificate of appealability.

Lettieri must file any notice of appeal with the Clerk's Office, United States District Court, Western District of New York, within 14 days of the date this decision and order.[11] Fed. R. App. P. 4(b)(1)(A). Requests to proceed on appeal as a poor person must be filed with the United States Court of Appeals for the Second Circuit in accordance with the requirements of Rule 24 of the Federal Rules of Appellate Procedure.

Unless and until this Court orders otherwise, the Clerk of Court shall return to sender any further submissions from Lettieri in this matter—except for a notice of appeal—and enter a remark indicating as such on the docket.[12]

SO ORDERED.

Dated: September 1, 2026
Buffalo, New York

***/s/ Lawrence J. Vilardo***
LAWRENCE J. VILARDO
UNITED STATES DISTRICT JUDGE

---

[11] Because a section 2255 petition is a civil matter, Lettieri has up to 60 days to file a notice of appeal with respect to this Court's dismissal of his section 2255 petition, *see Williams v. United States*, 984 F.2d 28, 31 (2d Cir. 1993). But he must appeal this Court's denial of his criminal motions within 14 days. *See United States v. Williams*, 2023 WL 1977601, at *1 (2d Cir. Feb. 14, 2023) (summary order).

[12] Upon a denial of a certificate of appealability from the Second Circuit, a dismissal of Lettieri's appeal, or an affirmance of this Court's decision, or if Lettieri does not appeal and the time to do so expires, this Court will enter an order allowing Lettieri to file a renewed motion for return of property for the reasons explained above. But because of his extensive history of abusing the judicial process, he may not do so unless and until this Court issues an order allowing that submission.